IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:17-cv-223

| | |
|---|---|
| Edge-Works Manufacturing Company, a North Carolina corporation, <br><br> Plaintiff, <br><br> v. <br><br> HSG, LLC, a North Carolina limited liability company <br><br> Defendant. | **COMPLAINT FOR PATENT INFRINGEMENT** |

# COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Edge-Works Manufacturing Company ("Edge-Works") files this Complaint for Patent Infringement against HSG, LLC ("HSG") and alleges as follows:

## THE PARTIES

1. Edge-Works is a North Carolina corporation with its principal place of business at 1233 Halltown Road, Jacksonville, North Carolina 28546.

2. HSG is a North Carolina limited liability company with its principal place of business at 87 Old Hammock Road, Swansboro, North Carolina 28584.

## JURISDICTION AND VENUE

3. This action arises under the Patent Act, 35 USC §101 *et seq.* This Court has original jurisdiction over this controversy pursuant to 28 USC §1331 and §1338.

4. Venue is proper in this Court pursuant to 28 USC §1391(b) and (c) and §1400(b).

5. This Court has personal jurisdiction over HSG. HSG regularly and continuously does business in this District and has infringed or induced infringement, and continues to do so, in this

District. In addition, the Court has personal jurisdiction over HSG because minimum contacts have been established with the forum and exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

### EDGE-WORKS' INNOVATIONS AND ASSERTED PATENT

6. Edge-Works is engaged in the design, manufacture and sale of tactical gear. Edge-Works is the designer, manufacturer and retailer of several lines of holsters and firearm magazine carriers that have enjoyed substantial success and are protected by various intellectual property rights owned by Edge-Works. Edge-Works invests significant resources in protecting the intellectual property embodied by its products.

7. On October 24, 2017, U.S. Patent No. 9,795,210 (the " '210 Patent"), titled Expandable Carry Pouch With Variable Compression, was issued to Edge-Works. A true and correct copy of the '210 Patent is attached to this Complaint as Exhibit 1.

8. All rights, title, and interest in the '210 Patent have been assigned to Edge-Works, who is the sole owner of the '210 Patent. Edge-Works has been the sole owner of the '210 Patent since its issuance.

9. The '210 Patent is generally directed towards an expandable magazine carrier that allows a user to place varied compression on the magazine using a binding device that is woven through a series of channels. The invention differs from those previously available in that the channel system provides protection to the binding device, enhances the weaving or lacing patterns of the binding device, and allows increased control over the tension of the binding device.

### HSG'S INFRINGEMENT OF EDGE-WORKS' '210 PATENT

10. HSG makes, uses, sells, and offers for sale tactical gear and accessories in competition with Edge-Works. Specifically, HSG has offered for sale and sold a variable compression magazine pouch known as the Polymer Taco. The HSG Polymer Taco is covered by one or more claims of the '210 Patent.

11. HSG does not have a license to the '210 Patent.

12. HSG's manufacture, use, sale and offer for sale of the HSG Polymer Taco constitutes infringement of at least one claim of the Edge-Works' '210 Patent, either directly, indirectly, or under the doctrine of equivalents.

### EDGE-WORKS' NOTICE OF INFRINGEMENT TO HSG

13. HSG was aware, prior to this lawsuit, of Edge-Works' '210 Patent. On information and belief, HSG was aware, prior to the release of the HSG Polymer Taco, of the '210 Patent.

14. Edge-Works gave written notice to HSG of their infringement of Edge-Works' '210 Patent on November 10, 2017.

15. HSG possesses the expertise required to understand the scope of claims in the '210 Patent.

16. Despite HSG's prior knowledge and Edge-Works' written notice of infringement, HSG has continued its unauthorized infringing activity. Edge-Works attempted, albeit unsuccessfully, to actively engage in good faith negotiations with HSG prior to commencing this litigation. Despite Edge-Works' best efforts, HSG refused to cease its infringing activity.

### FIRST CAUSE OF ACTION
### INFRINGEMENT OF THE '210 PATENT

17. Paragraphs 1-16 are incorporated by reference as if set forth here in full.

18. HSG has made, used, sold, and offered for sale products in the United States, including the HSG Polymer Taco, which include all of the elements and limitations of one or more of the claims of the '210 Patent.

19. HSG has directly infringed and currently infringes the '210 Patent under 35 USC 271(a), literally and/or under the doctrine of equivalents, including at least claim 1 of the '210 Patent by making, using, selling and offering for sale the HSG Polymer Taco without Edge-Works' permission.

20. The HSG Polymer Taco embodies the patented invention of the '210 Patent and infringes the '210 Patent because the product incorporates a channel system through which a binding device is woven. The channel system of the HSG Polymer Taco incorporates all of the improvements taught by the '210 Patent, including providing protection to the binding device, enhancing the weaving or lacing patterns and increased control over the variable tension.

21. As a result of HSG's unlawful activities, Edge-Works has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Edge-Works and HSG both compete in the tactical gear industry. HSG's continued infringement of the '210 Patent cause harm to Edge-Works in the form of price erosion, loss of goodwill, damage to reputation, loss of business opportunity, inadequacy of money damages, and direct and indirect competition. Monetary damages are insufficient to compensate Edge-Works for these harms. Accordingly, Edge-Works is entitled to temporary, preliminary and permanent injunctive relief.

22. HSG's infringement of the '210 Patent has injured and continues to injure Edge-Works in an amount to be proven at trial, but not less than a reasonable royalty.

23. HSG has long been aware of Edge-Works' patents, including the '210 Patent, and has continued its unauthorized infringing activity despite this knowledge. These actions demonstrate HSG's blatant and egregious disregard for Edge-Works' patents.

24. Despite its knowledge of Edge-Works' patent portfolio, namely the '210 Patent, HSG sold and continues to sell the accused products in complete and reckless disregard of Edge-Works' patent rights. As such, HSG has acted recklessly and continues to willfully, wantonly, and deliberately engaged in acts of infringement of the '210 Patent, justifying Edge-Works to an award of increased damages under 35 U.S.C. 284, and attorneys' fees and costs incurred under 35 U.S. 285.

### PRAYER FOR RELIEF

A. An entry of judgment holding that HSG has infringed and is infringing the '210 Patent;

B. A temporary, preliminary and permanent injunction against HSG and its officers, employees, agents, servants, attorneys, and those in privity with them, from infringing the '210 Patent, or inducing the infringement of the '210 Patent, and for all further and proper relief pursuant to 35 USC 283;

C. An award to Edge-Works of past damages, not less than a reasonable royalty, as it shall prove at trial against HSG that is adequate to fully compensate Edge-Works for HSG's infringement of the '210 Patent.

D. A determination that HSG's infringement has been willful, wanton, and deliberate and that the damages against it be increased up to treble on this basis or for any other basis in accordance with law;

E. A finding that this case is "exceptional" and an award to Edge-Works of its costs and reasonable attorney fees, as provided by 37 USC 285;

F. An accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest from the first date of infringement of the '210 Patent; and

G. Such other and further relief as the Court may deem proper and just.

Dated: November 22, 2017

Respectfully submitted,

*/s/ Benton L. Toups*
Benton L. Toups
State Bar No. 28910
CRANFILL SUMNER & HARTZOG LLP
319 N. 3rd Street, #300
Wilmington, NC 28401
Telephone: (910) 777-6000
Fax: (910) 777-6101
Email: btoups@cshlaw.com
F. Marshall Wall
State Bar No. 26804
5420 Wade Park Blvd., Suite 300
Raleigh, NC 27611
Telephone: (919) 863-8743
Fax: (919) 863-3501
Email: mwall@cshlaw.com

- and -

*/s/Greg Latham*
Gregory D. Latham
(*to be admitted pro hac vice*)
INTELLECTUAL PROPERTY CONSULTING, LLC
334 Carondelet St., Suite B
New Orleans, LA 70130
Telephone: (504) 322-7166
Fax: (504) 322-7184
Email: glatham@iplawconsulting.com

*Attorneys for Plaintiff Edge-Works Manufacturing Company*