IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-00223-FL

**Edge-Works Manufacturing Company**,

    Plaintiff,

v.

**HSG, LLC**, et al.

    Defendants.

**Order**

Nonparties Albert Gene Higdon, Jr. and Kristopher DiMauro seek orders quashing subpoenas served by Defendant HSG, LLC requiring them to provide deposition testimony. Mots. of Nonparty to Quash Subpoena, or in the Alternative, for Protective Order, D.E. 95, 97. In the alternative, they ask the court to enter a protective order limiting the scope of the depositions. *Id.* After review, the court finds that Higdon and DiMauro may have knowledge relevant to the parties' claims or defenses and thus declines to quash the subpoenas or issue a protective order.

The parties are embroiled in a patent infringement lawsuit. Plaintiff Edge-Works Manufacturing Company designs, manufactures, and sells tactical gear, including holsters and firearm magazine carriers. Second Am. Compl. ¶ 8, D.E. 70. Edge-Works owns U.S. Patent No. 9,668,568 (the "'568 Patent") and U.S. Patent No. 9,795,210 (the "'210 patent"), a continuation of the '568 Patent. *Id.* at ¶ 9–11.

The '568 and '210 Patents cover an expandable firearm magazine carrier that allows a user to place varied compression on the magazine using a binding device woven through a series of channels. *Id.* at ¶ 12. These patents include Edge-Works' Hardshell Scorpion products, injection

molded expandable magazine pouches launched in 2014. Decl. of Albert Gene Higdon, Jr., Mem. in Supp. Ex. 4, at 1–2, D.E. 96–4.

HSG also makes, sells, and manufactures tactical gear. Answer to Second Am. Compl. ¶ 13, D.E. 75. Since its founding, HSG has manufactured and sold a nylon TACO product, a fabric compression magazine pouch. Higdon Decl. at 1. In 2017, HSG began selling Polymer TACO products, the Kydex Handcuff TACO, and the Kydex Tourniquet TACO, variations of the original TACO. Second Am. Compl. ¶ 13, 25. Edge-Works alleges that these HSG products infringe its '568 and '210 Patents. *Id.* at ¶ 32–38.

HSG served subpoenas on Higdon and DiMauro requiring them to appear for a deposition. Subpoenas Issued to Gene Higdon and Kristopher Dimauro, D.E. 96–2, 98–2. Higdon founded HSG, Inc., predecessor to Defendant HSG, LLC, and served as its Chief Executive Officer until 2012. Higdon Decl. at 1–2. While CEO, he and Edge-Works owner Scott Evans collaborated to co-invent HSG's original nylon TACO product. Resp. to Mot. in Supp. at 2, D.E. 99. After selling his company, Higdon worked as a design consultant for HSG, LLC through 2013. Higdon Decl. at 1. DiMauro worked as HSG's Sales and Marketing Director from 2009–2011. Decl. of Kristopher DiMauro at 1–2, D.E. 98–4. Higdon and DiMauro claim they have no personal knowledge of any matter relevant to any party's claim or defense because they both stopped working for HSG before 2014, when Edge-Works filed its patent application which matured into the patents-in-suit. *See* Mots. of Nonparty to Quash.

Under the Federal Rules, parties may obtain discovery on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). When applying the discovery rules, courts should give them "a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." *Herbert* v.

*Lando*, 441 U.S. 153, 177 (1979). But court retains the authority to limit the "frequency or extent of discovery" if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

The question before the court is whether it should quash the subpoenas or otherwise limit Higdon and DiMauro's depositions. To resolve this question, a court must balance the relevance of the information sought, the need to obtain information from the deponent, confidentiality concerns, and the resulting harm to any party. *Insulate Am.* v. *Masco Corp.*, 227 F.R.D. 427, 432 (W.D.N.C. 2005); *see also Voit Techs., LLC* v. *Del-Ton, Inc.*, No. 5:17-CV-259-BO, 2019 WL 3423468, at *2 (E.D.N.C. July 29, 2019).

In response to the motions to quash, HSG has identified these topics as relevant to the parties' claims or defenses: (1) Higdon and DiMauro may know about pre-2012 kydex TACO prototypes and discussions about the same that may be prior art; (2) Higdon and DiMauro are familiar with the growth, popularity, and commercial success of the TACO, relevant to creating later derivatives of the product; and (3) Higdon and DiMauro can explain the relationship between HSG, Inc., HSG, LLC, and G-Code. Resp. to Mots. to Quash at 3–4.

The court agrees that these topics are relevant and thus within the scope of discovery. Higdon, DiMauro, and Edge-Works owner Scott Evans have a long-time personal and professional relationship and often collaborated before Higdon sold the company. *Id.* at 2–3. Before leaving HSG in 2012, DiMauro made a kydex TACO prototype on which Higdon may have collaborated. Both Higdon and DiMauro worked at HSG at this time and would know about any discussions about a kydex TACO prototype. Whether HSG developed a kydex TACO protype in 2012 is directly relevant to the claim that HSG infringed on Edge-Works' patents when it developed the

Kydex Handcuff and Tourniquet TACOs in 2017. Thus the information sought goes to HSG's affirmative defense of invalidity based on prior art. Answer to Second Am. Compl. at 6, D.E. 75. This falls clearly within the scope of Rule 26. *See Brown* v. *Pope*, No. 3:08–14, 2013 WL 12158596, at *1 (D.S.C. July 18, 2013) (holding that because the party moving to quash a subpoena "failed to show that it is certain that he lacks knowledge of *any* facts which may be relevant" to the claims at issue, the non-moving party had a right to depose him).

HSG needs to depose Higdon and DiMauro, despite being nonparties, to determine the full scope of the inventions mentioned in any collaborative discussions between HSG and Edge-Works. Higdon and DiMauro can contribute more to a deposition than merely their status as former employees. As HSG notes, "no one at HSG was privy to Mr. DiMauro's conversations with Mr. Higdon or Mr. Evans" and "HSG has no way of knowing the full scope of any inventions disclosed in [Higdon and DiMauro]'s collaborations with Mr. Evans without taking [their] depositions." Resp. to Mots. to Quash at 6. Because whether these collaborations included the development of a kydex TACO is relevant to HSG's defense and it cannot obtain the information from another source, HSG needs to question both Higdon and DiMauro.

The parties identify no confidentiality issues that would arise from allowing Higdon and DiMauro's depositions to proceed. The court notes that a protective order allows the parties to limit access to confidential materials produced in discovery. *See* Protective Order, D.E. 67.

And as to harm, the only basis for harm Higdon identifies is that HSG has already sued him twice in the last four years. Higdon Mot. to Quash at 2, D.E. 95. But Higdon has not shown that he will face any significant prejudice from disclosing the information HSG seeks now. DiMauro also identifies no impending harm. Thus the court finds that deposing DiMauro or Higdon does not create any potential for harm.

The court also finds that subjecting Higdon and DiMauro to a deposition is not an "undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). When information requested from a nonparty "offer[s] some value over and above what the requesting party already has" and the requesting party can "explain why it cannot obtain the same information, or comparable information … from one of the parties to the litigation," it is not unduly burdensome. *Va. Dep't of Corr.* v. *Jordan*, 921 F.3d 180, 189 (4th Cir. 2019), *petition for cert filed*, Aug. 22, 2019; *see also Spring* v. *Bd. of Trs. of Cape Fear Cmty. Coll.*, No. 7:15-CV-84-BO, 2016 WL 4204153 (E.D.N.C. Aug. 8, 2016).

HSG has established that Higdon and DiMauro are the most likely individuals to have the information HSG seeks. *See* Resp. to Mots. to Quash at 3 ("[N]o person friendly to HSG was privy to the communications between the Witnesses and Mr. Evans. Thus, the HSG Parties need to take the Witnesses' depositions to understand the full scope of the inventions disclosed in any kydex TACO collaborative discussions."); *id.* at 6 ("HSG has no way of knowing the full scope of any inventions disclosed in the Witnesses' collaborations with Mr. Evans without taking the Witnesses' depositions."). As discussed, this information is important to HSG's defense. HSG also made clear that it has no intention of dragging out these depositions. *See* Correspondence Memorializing the Conference at 4, D.E. 96–3. Because responding to the subpoenas is not unduly burdensome—and because the court expects the parties act reasonably and in good faith when conducting discovery—the court need not issue a protective order on the scope of the deposition.

For these reasons, Higdon's and DiMauro's Motion to Quash (D.E. 95, 97) are denied.

Dated: September 24, 2019

*Robert T Numbers II*

_____
Robert T. Numbers, II
United States Magistrate Judge