IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-cv-00223-FL

| | |
|---|---|
| EDGE-WORKS MANUFACTURING COMPANY, a North Carolina corporation, Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> HSG, LLC and CTG1, LLC, Defendant/Counterclaim-Plaintiffs | **ORDER ON MOTION TO SEAL DOCUMENT** |

## ORDER

Before the Court is Plaintiff Edge-Works Manufacturing Company Unopposed Motion to Seal the Reply Memorandum in Support of Motion for a Two Week Extension of Rule 26(a)(2)(B) Expert Witness Report Deadline (DE 110) ("Reply") that was provisionally filed under seal by Edge-Works.

The Reply includes confidential financial business information relating to both parties, namely sales figures and profit margins for various products. This information has been designated as "Attorneys' Eyes Only" by the parties pursuant to the Protective Order (DE 67) in this matter. The Court agrees that such information should remain sealed, and therefore, finds that it is appropriate to enter an order sealing the previously filed Reply (DE 110). In order to minimize concerns relating to public access, the Court accepts the redacted version of the Reply.

The Court has come to this conclusion mindful of the factors set forth in *Stone v. University of Maryland Medical System Corp.,* 855 F.2d. 178, (4th Cir. 1988); *see also*, *Ashcraft*

*v. Cononco, Inc.* 218 F.3d 288, 302 (4th Cir. 2000), which mandates that before entering an order to seal documents, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decisions to seal the documents."

Docketing the motion to seal reasonably in advance of deciding the issue is sufficient to meet the public notice requirement. *Ashcraft*; *In re Knight Publishing Co.,* 743 F.2d 231, 235 (4th Cir. 1984). Additionally, by allowing Edge-Works to file a redacted version of the Reply, the sealing of documents is less drastic.

This Court finds that Edge-Works has satisfied the standard set forth in *Stone* by publicly filing contemporaneously with this motion a redacted version of the Reply narrowly tailored to remove the confidential business information.

For these reasons, and for good cause shown, Plaintiff's Motion to Seal the previously filed Reply (DE 110) is GRANTED.

IT IS FURTHER ORDERED that the Clerk is directed to seal the previously filed, un-redacted version, of the Reply (DE 110), and that document shall remain SEALED until further order of this Court.

SO ORDERED, this the 30th day of January, 2020.

_____
HON. LOUISE W. FLANAGAN
UNITED STATES DISTRICT COURT JUDGE