IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:17-cv-223-FL

| | |
|---|---|
| EDGE-WORKS MANUFACTURING COMPANY,<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>HSG, LLC and CTG1, LLC,<br><br>    Defendants/Counterclaim-Plaintiffs. | **Order Granting<br>Unopposed Motion to Seal<br>Memorandum in Support of<br>Joint Motion to<br>Exclude, Strike, or Limit<br>Expert Testimony of David L. Fouts** |

## **ORDER**

Before the Court is the Defendants' Unopposed Motion to Seal underacted versions of its Memorandum in Support of Defendants' Joint Motion to Exclude, Strike, or Limit Expert Testimony of David L. Fouts, including the exhibits thereto (collectively, the "Sealed Documents") [DE 114]. The Court finds that the Motion was filed pursuant to the terms of Section 3 of the Protective Order entered on March 5, 2019 [DE 67], which states:

> [E]ach time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

The Court finds that: (a) the parties seek to have sealed non-public financial data and other information heretofore designated as Confidential Matter in accordance with Section 1 of the Protective Order in this case; (b) in these circumstances, such request to seal overcomes the

common law or the First Amendment presumption to access; (c) taking into account the balance of competing interests in access, sealing is justified because the information to be sealed is limited to non-public, financial data and other confidential information pertaining to the parties' respective business operation, which information has heretofore been designated as Confidential Matter in this case; and (d) making redacted versions of the Sealed Documents available publicly sufficiently narrows the scope of the information so sealed, and the Court believes no alternatives are adequate in the circumstances.

The Court further finds that the Defendants have complied with the terms of the Protective Order by undertaking to submit, jointly with the Plaintiff, redacted versions of the Sealed Documents, for public filing.

For these reasons, for good cause shown, and recognizing Plaintiff's consent to the motion, the Defendants' Motion to Seal the proposed Sealed Documents is GRANTED.

IT IS THEREFORE ORDERED that (i) the unredacted versions of the proposed Sealed Documents [DE 114] shall be SEALED until further order of this Court; and (ii) within ten (10) days of the entry of this order, the parties shall deliver to the Court, for public filing, a proposed redacted version of the Sealed Documents, with only the parties' Confidential Matter redacted from public view.

SO ORDERED, this the 30th day of January, 20 20.

_____
UNITED STATES DISTRICT JUDGE